UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PAUL HOYT** <br> Inmate No. QK3227 <br> 1200 Mokychic Drive <br> Collegeville, PA 19426 <br><br> Plaintiff, <br><br> v. <br><br> **MR. SMITH** <br> Individually as Unit Manager <br> SCI Phoenix <br> 1200 Mokychic Drive <br> Collegeville, PA 19426 <br><br> and <br><br> **JESSAMINE HEALTHCARE, INC.** <br> 1283 Murfreesboro Road, Suite 500 <br> Nashville, TN 37217 <br><br> and <br><br> **JESSAMINE HEALTHCARE, INC. d/b/a CORRECT CARE SOLUTIONS, LLC/WELLPATH, LLC** <br> 1283 Murfreesboro Road, Suite 500 <br> Nashville, TN 37217 <br><br> and <br><br> **CORRECT CARE SOLUTIONS, LLC/WELLPATH, LLC** <br> 1283 Murfreesboro Road, Suite 500 <br> Nashville, TN 37217 <br><br> and <br><br> **MEDICAL DIRECTOR LATIZZIO** <br> Individually and in his official capacity as Medical Director | NO. 23-cv-02163-KBH <br><br><br> JURY TRIAL DEMANDED |

| | |
|---|---|
| JESSAMINE HEALTHCARE, <br> INC./CORRECT CARE SOLUTIONS, LLC/ <br> WELLPATH, LLC <br> 3340 Perimeter Hill Drive <br> Nashville, TN 37211 <br><br> and <br><br> **DOCTOR KAMINSKI** <br> Individually and in his official capacity as <br> Physician <br> JESSAMINE HEALTHCARE, <br> INC./CORRECT CARE SOLUTIONS, LLC/ <br> WELLPATH, LLC <br> 3340 Perimeter Hill Drive <br> Nashville, TN 37211 <br><br> and <br><br> **NURSE ROSE** <br> Individually and in her official capacity as Nurse <br> JESSAMINE HEALTHCARE, <br> INC./CORRECT CARE SOLUTIONS, LLC/ <br> WELLPATH, LLC <br> 3340 Perimeter Hill Drive <br> Nashville, TN 37211 <br><br>           Defendants. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

## **FIRST AMENDED COMPLAINT**

1. Plaintiff, Paul Hoyt, is an adult male, currently in the custody of the Pennsylvania Department of Corrections at SCI-Phoenix, inmate number QK3227. At all times material, Plaintiff was incarcerated at SCI-Phoenix.

2. Defendant, Mr. Smith ("Smith"), whose first name is unknown, is an adult individual who, at all times material herein, acted individually as, Unit Manager at Phoenix.

3. Defendant Jessamine Healthcare Inc. d/b/a Wellpath LLC, formerly known as Correct Care Solutions, LLC, (collectively "Wellpath") are Pennsylvania limited liability, for profit corporations doing business at all times pertinent to this Complaint, inter alia, at

the above facility in Montgomery County. At all times material to the allegations of this Complaint Wellpath, a vendor, contracted with the DOC for the provision of medical and health services, and was responsible for providing prison health services and appropriate and timely care and treatment to inmates, and generally protecting the medical welfare of inmates at various facilities in Pennsylvania, including at all the state correctional institutes, where plaintiff has been housed.

4. Defendant, Medical Director Latizzio ("Latizzio"), whose first name is unknown, is an adult individual who, at all times material herein, acted individually and in his official capacity as Medical Director for Wellpath at Phoenix.

5. Defendant, Dr. Kaminski, whose first name is unknown, is an adult individual who, at all times material herein, acted individually and in his official capacity as Physician for Wellpath at Phoenix.

6. Defendant, Nurse Rose, whose first name is unknown, is an adult individual who, at all times material herein, acted individually and in her official capacity as Nurse for Wellpath at Phoenix.

**JURISDICTION AND VENUE**

7. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law.

8. Venue is proper as the facts and transactions involved herein occurred in large part in this judicial district.

**OPERATIVE FACTS**

9. The above paragraphs are incorporated herein by reference.

10. On or about August 2021, Plaintiff arrived as an inmate at Phoenix from SCI Camp Hill.

11. Plaintiff suffers from central core myopathy (CCD).

12. Central core myopathy is a rare genetic neuromuscular disorder that is present at birth that negatively affects the muscles. CCD usually involves low muscle tone, skeletal malformations, muscle weakness and spasms. CCD often does not allow a person to have proper control over their body movements.

13. Due to his CCD, Plaintiff is unable to control his body when he sleeps, and his body contorts uncontrollably.

14. When Plaintiff was at SCI Camp Hill, he was on bottom bunk status and when he was moved to SCI Phoenix, he was also given bottom bunk status.

15. On or around April 11, 2022, Plaintiff was released from the restricted housing unit and was inexcusably taken off bottom bunk status and was not provided a reason why.

16. On or around April 11, 2022, Plaintiff informed Defendant Smith that he was placed on a top bunk top tier status when he should have been given a bottom bunk.

17. Defendant Smith informed Plaintiff he needed to put a sick call in to medical for them to change it.

18. On or around April 14, 2022, Plaintiff was sleeping on the top bunk when during his sleep, his body contorted uncontrollably, and he fell off top bunk striking his left knee, foot, and head.

19. Upon information and belief, Plaintiff blacked out for approximately twenty (20) minutes while his cellmate attempted to wake him up.

20. Upon information and belief, Defendants Smith, Dr. Kaminski and Latizzio were responsible for making the decision on whether Plaintiff had bottom bunk status.

21. Immediately after the fall, Plaintiff was sent to medical in a wheelchair and was given bandages for his knee and ibuprofen.

22. After the fall, Plaintiff was given X-Rays and Dr. Kaminsky informed Plaintiff he fractured his left kneecap.

23. Plaintiff continued to put sick calls in to see the doctor, but these requests were ignored.

24. After the fall, Plaintiff was forced to return to top bunk even though he continually requested to be placed on bottom bunk.

25. Eventually, Plaintiff was given bottom bunk status a week after the fall.

26. Upon information and belief, all Defendants knew or should have known about Plaintiff's pre-existing condition that required bottom bunk status.

27. Plaintiff continually and extensively requested that Defendant Smith place him back on bottom bunk, but these requests were denied.

28. Plaintiff continues to suffer from left knee pain, left leg pain, and right ankle pain.

29. Defendants have taken away Plaintiff's medication and he is suffering from intense pain daily.

30. Plaintiff has attempted to perform physical therapy, but the pain is so severe he is unable to complete a session.

31. Plaintiff has continually requested for pain medication so he can complete a physical therapy session without intense pain.

32. Upon information and belief, Plaintiff has filed at least three grievances regarding pain medication and Defendants not providing him with proper medical treatment.

33. Plaintiff has suffered from being in Defendants care and has lost approximately 75 pounds since being incarcerated.

34. Plaintiff has recently been observed by an orthopedic surgeon at Einstein Hospital who informed Plaintiff that approximately 15% to 20% of his kneecap has been chipped off from the accident.

35. Plaintiff is currently on bottom bunk bottom tier as a result of the incident.

36. Plaintiff has suffered and continues to suffer severe physical and psychological stress as a result of Defendants' negligence.

**COUNT I**
**EIGTH AMENDMENT VIOLATION-FAILURE TO PROVIDE MEDICAL CARE AND TREATMENT/CRUEL AND UNUSUAL PUNISHMENT**
*Plaintiff v. All Defendants*

37. The above paragraphs are incorporated herein by reference.

38. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

39. Defendants showed deliberate indifference to Plaintiff's serious medical needs and wanton infliction of pain.

40. Defendants' actions stated above, inter alia, were violations of Plaintiff's clearly establish and well settled Constitutional and other legal rights.

41. Defendants caused Plaintiff to suffer cruel and unusual punishment in violation of the violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution, actionable through 42 U.S.C. §1983, et seq. of the United States Constitution, actionable through 42 U.S.C. §1983, et seq.

**COUNT II**
**Simple Negligence**
*Plaintiff v. All Defendants*

42. Plaintiff incorporates by reference all prior paragraphs as if fully set forth at length herein.

43. At all times material, Defendants breached their duty of care to Plaintiff, acting negligently, recklessly, and carelessly, and in the following regards, respectively:

    a. Failing to properly provide a safe environment for all inmates;

    b. Failing to protect the well-being of inmates;

    c. Failing to properly provide Plaintiff with a bottom bunk;

44. As a direct and proximate result of Defendants' negligence, carelessness and recklessness, Plaintiff suffered actual loss.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

Respectfully Submitted,

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| BY: */s/ David Berlin* <br> DAVID A. BERLIN, ESQ. <br> MATTHEW B. WEISBERG, ESQ. | BY: */s/Gary Schafkopf* <br> GARY SCHAFKOPF, ESQ. |

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL HOYT | : | |
| Plaintiff | : | |
| | : | CIVIL COMPLAINT NO. 23-cv-02163-KBH |
| vs. | : | |
| MR. SMITH, et al | : | |
| Defendants | : | |

## CERTIFICATE OF SERVICE

I, David Berlin, Esquire, hereby certify that on this 19th day of July 2023, a true and correct copy of the foregoing First Amended Complaint was served upon all parties of record via e-filing.

**JEFFREY MOZDZIOCK**
PA OFFICE OF ATTORNEY GENERAL
1600 Arch Street
3rd Floor
PHILADELPHIA, PA 19103
215-560-2404
jmozdziock@attorneygeneral.gov

**BENJAMIN LOMBARD**
**SAMUEL H. FOREMAN**
Weber Gallagher
Four PPG Place, 5th Floor
Pittsburgh, PA 15222
412-480-5248
blombard@wglaw.com
sforeman@wglaw.com

Respectfully Submitted,

**WEISBERG LAW**                                    **SCHAFKOPF LAW, LLC**


BY: _/s/ David Berlin_                              BY: _/s/Gary Schafkopf_
DAVID A. BERLIN, ESQ.                               GARY SCHAFKOPF, ESQ.
MATTHEW B. WEISBERG, ESQ.